**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Russell JENNINGS, Jr., Defendant–Appellant.**

**No. 87–3085.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 5, 1988.

Decided March 22, 1988.

As Changed March 24, 1988.

160

Thomas F. Vivyan, Columbus, Ohio, David Graeff (argued), for defendant-appellant.

* Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern Dis-

Robyn Jones (argued), Asst. U.S. Atty., Columbus, Ohio, William E. Hunt, Cincinnati, Ohio, for plaintiff-appellee.

Before JONES and MILBURN, Circuit Judges, and JOINER, Senior District Judge *.

MILBURN, Circuit Judge.

Defendant-appellant Russell Jennings, Jr., appeals his jury convictions on one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count 1); one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) (Count 52); six counts of use of a communication facility to further unlawful activity in violation of 21 U.S.C. § 843(b) (Counts 21, 36, 41, 53, 73, and 89); and one count of participating in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) ("RICO") (Count 94). The defendant was sentenced to a total of fifteen years imprisonment. For the reasons that follow, we reverse the defendant's conviction as to the RICO count, but we affirm the defendant's convictions on all other counts.

I.

Defendant was a member of the Avengers Motorcycle Club, which operated primarily in Michigan and Ohio. He was indicted on May 21, 1986, by the Federal Grand Jury of Columbus, Ohio, in an indictment returned against thirty-one individuals who were either members or associates of the motorcycle club. This indictment was superseded by an indictment returned on July 28, 1986.

Defendant was jury-tried, along with three other codefendants, Robert Joseph Blay, Daniel Leo Pizzurro, and Jack A. Kinser. The jury trial commenced on October 6, 1986, and concluded on October 24, 1986. Defendants Russell Jennings, Jr. and Robert Joseph Blay were convicted,

trict of Michigan, sitting by designation.

but defendants Daniel Lea Pizzurro and Jack A. Kinser were acquitted.

Defendant was sentenced on January 26, 1987. His sentence is as follows: Count 1, five years; Count 52, five years consecutive to Count 1; Count 94, five years consecutive to the sentence imposed in Counts 1 and 52; Counts 21, 36, 41, 53, 73, and 89, three years to be served concurrently with each other and concurrently with the sentences imposed on Counts 1, 52, and 94. *See* J.A. at 66–67. Thus, as stated, his total sentence was, in effect, fifteen years imprisonment.

The indictment against defendant Jennings alleged that he had used his association with the motorcycle club in Ohio and elsewhere to obtain access to controlled substances and access to customers for distribution of such substances. The government presented as proof specific instances of narcotics distribution. This evidence came primarily from former club members who turned "state's evidence" and also from court-ordered wiretaps placed on the phone and bar area at the Columbus, Ohio, Avengers' clubhouse. At trial, the government played recorded telephone calls and also presented the testimony of former members, all of which indicated a continuing involvement by the members and associates of the Avengers Motorcycle Club at the Columbus, Ohio, clubhouse in the sale and distribution of narcotics.

Defendant's arguments in the present case focus primarily on his RICO conviction under 18 U.S.C. § 1962(c) (Count 94). Count 94 of the superseding indictment charged that the defendant had engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).[1] In support of the allegation that a pattern of racketeering activity had been engaged in, the indictment pointed to three prior counts charged against defendant as specific "predicate

acts" of racketeering activity.[2] The predicate acts sought to be proved were the acts described in Counts 25, 31, and 36 of the indictment, and all three of these counts relate to the use of a telephone facility to further unlawful activity in violation of 21 U.S.C. § 843(b). The district court, however, dismissed Counts 25 and 31 at the close of the government's case. Thus, there was only one count (Count 36) charged as a "predicate act" to support the government's allegation that the defendant had engaged in a pattern of racketeering activity as prohibited by 18 U.S.C. § 1962(c). The defendant timely appealed his convictions.

## II.

### A.

Count 94 of the indictment against defendant charged that defendant had willfully and unlawfully conducted and participated in a pattern of racketeering activity which affected interstate commerce through an enterprise, specifically, the Avengers Motorcycle Club. The count charged that defendant Jennings had engaged in racketeering activity consisting of "the felonious manufacturing, receiving, concealing, buying, selling or otherwise dealing in narcotics or other dangerous drugs, which is punishable under the laws of the United States." J.A. at 57–58. In delineating the specific acts of racketeering activity, Count 94 referred to three earlier counts in the indictment. All three of these counts related to the use of a telephone facility in furtherance of unlawful activity. J.A. at 62. As stated above, two of the counts (Counts 25 and 31) were dismissed by the district court at the close of the government's case.

Defendant argues on appeal that his RICO conviction must be reversed because a pattern of racketeering activity was not

---

1. 18 U.S.C. § 1962(c) provides:
   It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a

   pattern of racketeering activity or collection of unlawful debt.

2. A "pattern of racketeering activity" is defined as the commission of "at least two acts of racketeering activity...." 18 U.S.C. § 1961(5).

shown since the district court dismissed two of the three counts charged as predicate acts by the government.

The government must prove four elements to establish a violation of section 1962(c) as follows:

1. the defendant engaged in an enterprise;

2. the enterprise affected interstate commerce;

3. the enterprise's affairs were conducted through a pattern of racketeering activity; and

4. the conduct of those affairs involved two or more of the racketeering offenses set forth in the statute.

*United States v. Sutton,* 642 F.2d 1001, 1008 (6th Cir.1979) (en banc), *cert. denied,* 453 U.S. 912, 101 S.Ct. 3143, 69 L.Ed.2d 995 (1981).

In 18 U.S.C. § 1961(5), a "pattern of racketeering activity" is defined to require "at least two acts of racketeering activity." The two acts of racketeering activity (the "predicate acts") must have occurred within at least ten years of each other. "Racketeering activity" is defined in 18 U.S.C. § 1961 as including "any offense involving ... the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in narcotic or other dangerous drugs, punishable under any law of the United States." 18 U.S.C. § 1961(1)(D). Nowhere in the statute is there a requirement that the predicate acts relied on as a pattern of racketeering activity be charged as separate counts against a defendant.

The government in the present case concedes that it must rely on the predicate acts charged in the indictment against the defendant.[3] Moreover, the government does not argue that it can rely on the two counts which were dismissed for purposes of showing the necessary predicate acts. Rather, the government asserts that the count remaining as a predicate act in the indictment (Count 36) charged in effect separate acts which can be considered *two* separate offenses even though brought only in one count. As a result, the government argues that the two predicate acts requirement was complied with, although the acts were set out in one count.

Count 36 of the indictment charged as follows:

On December 30, 1985, at approximately *8:33 p.m. and 10:28 p.m.,* in the Southern District of Ohio, Richard Allen Fout, aka "Rick," Robert A. Kniffen, aka "Shooter," and Russell Jennings, Jr., aka "Moe," did knowingly and intentionally unlawfully use a communications facility, that is, a telephone, to facilitate commission of a felony, that is, conspiracy to distribute and possess with intent to distribute cocaine, a schedule II narcotic-drug controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 846, and the distribution of and the possession with intent to distribute said controlled substance, in violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 843(b).

J.A. at 27–28. (Emphasis supplied).

Thus, the government asserts that defendant Jennings could have been charged with two separate counts as two separate acts are alleged—the 8:33 p.m. telephone call and the 10:28 p.m. telephone call. Since this count refers to two separate instances, both occurring on the same day, the government argues that each telephone call may constitute a separate and distinct violation of 21 U.S.C. § 843(b) which provides, "[e]ach separate use of a communication facility shall be a separate offense under this subsection."

In *United States v. Watchmaker,* 761 F.2d 1459 (11th Cir.1985), *cert. denied,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 917 (1986), the defendant was a member of the Outlaw Motorcycle Club, which operated throughout the Southeast. The defendant

---

**3.** Even though only Count 36 was left in the indictment as a predicate act for purposes of the RICO count, the defendant was also convicted on Counts 1 (conspiracy to distribute), 52 (possession with intent to distribute), 21, 41, 53, 73, and 89 (use of a communication facility to further unlawful activity). The government, however, does not argue that it is entitled to rely on these other counts upon which the defendant was convicted for purposes of the predicate acts requirement, as they were not pleaded in Count 94.

was charged with drug distribution, the shooting of three police officers at a motorcycle clubhouse in Tampa, Florida, and with RICO violations. The predicate acts supporting the RICO count were the drug distribution charge and the Tampa clubhouse shooting. The district court, however, dismissed the drug distribution charge, leaving only the shooting of the three police officers at the Tampa clubhouse. This shooting, however, was charged against the defendant in one count. Thus, the defendant argued that the two predicate acts requirement had not been met.

■ The Eleventh Circuit, however, rejected this argument. The court noted that although the shooting of the three police officers was charged in one count, *each shooting* constituted a separate offense. The court found that the predicate acts requirement may be satisfied although the two acts were proximate in time. *Id.* at 1475. *See also United States v. Welch,* 656 F.2d 1039 (5th Cir.1981), *cert. denied,* 456 U.S. 915, 102 S.Ct. 1767, 72 L.Ed.2d 173 (1982). Moreover, the court rejected the argument that "acts which are part of the same scheme or transaction cannot qualify as distinct predicate acts." *Watchmaker,* 656 F.2d at 1475.

> The standard which has been applied in this circuit is whether each act constitutes 'a separate violation of the [state or federal] statute' governing the conduct in question. If distinct statutory violations are found, the predicate acts will be considered to be distinct irrespective of the circumstances under which they arose.

*Id.* at 1475 (quoting *United States v. Phillips,* 664 F.2d 971 (5th Cir. Unit B 1981)), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982) (citations omitted). Thus, if two distinct statutory violations are found, the predicate acts requirement is fulfilled regardless of the number of counts alleged in the indictment.

In *Watchmaker,* the Eleventh Circuit relied on the decision of this court in *United States v. Licavoli,* 725 F.2d 1040 (6th Cir.), *cert. denied,* 467 U.S. 1252, 104 S.Ct. 3535,

82 L.Ed.2d 840 (1984). In *Licavoli,* we considered whether two predicate acts could be found in murder and conspiracy to commit murder. The defendants in *Licavoli* were members of a major organized crime enterprise in the Cleveland, Ohio, area. The defendants were indicted for murder and conspiracy to commit murder in state court, and they were also indicted in federal court for violating 18 U.S.C. § 1962(c), RICO. The predicate acts alleged were the murder and conspiracy to commit murder, and the defendants argued that the commission of a substantive offense and the conspiracy to commit the substantive offense could not constitute two separate predicate acts so as to show a "pattern of racketeering activity" under 18 U.S.C. § 1961(5). We held, however, that under federal law and also under the relevant state law, the conspiracy to commit a substantive offense and the commission of the substantive act are two separate crimes or offenses separately chargeable under state law. Thus, we held that each crime can constitute separate offenses capable of fulfilling the two predicate acts requirement.

In our view, the Eleventh Circuit in *Watchmaker* correctly analyzed the predicate acts requirement, and the government may show that two predicate acts occurred although they are pleaded in only one count. Thus, if the conduct of defendant Jennings in the two telephone calls alleged in Count 36 indicates two acts of racketeering activity, a pattern has been shown. An analysis of those calls, however, discloses that defendant Jennings was in no way involved in the 10:28 p.m. telephone call.

The complete text of the telephone conversation which constitutes Government Exhibit 118 is as follows:

UNKNOWN MALE, aka, PLUMBER: Clubhouse.

RICK FOUT: Moe [*i.e.,* defendant Jennings] there?

PLUMBER: No, he's not.

FOUT: Aha, Plumber?

PLUMBER: Yeah.

FOUT: How long ago did he leave?

PLUMBER: Ohhh, um ... hour, hour and a half maybe.

FOUT: He ought to be rolling in here anytime.

PLUMBER: Okay.

FOUT: Shooter go with him?

PLUMBER: Yep ...

FOUT: Okay.

PLUMBER: Sure did.

FOUT: We'll see you.

PLUMBER: Okay, buddy.

FOUT: Bye.

■ Given this conversation, we cannot accept the government's argument that a predicate act by defendant occurred in the 10:28 p.m. telephone call. Defendant Jennings neither placed nor answered that telephone call but was merely mentioned. A predicate act of racketeering activity requires an "offense ... *punishable* under any law of the United States." 18 U.S.C § 1961(1)(D). 21 U.S.C. § 843(b), prohibiting use of a communication facility in furthering commission of a felony, requires, at a minimum, that the defendant utilize a communication facility. Since the defendant in the present case was in no way involved in the 10:28 p.m. telephone call, we conclude that two acts of racketeering activity cannot be found in Count 36. Accordingly, defendant Jennings' conviction on Count 94 under RICO is reversed.

### B.

■ In his brief and at oral argument, counsel for defendant Jennings clearly indicated that this appeal primarily involves Jennings' conviction under the RICO count.[4] However, defendant makes a final argument that his conviction for conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 must also be reversed as the RICO count is so closely related to the conspiracy count that "the jury could not possibly have separated the two major counts." Brief for defendant at 15–16. We note, however, that the law is clear that each count of an indictment may be charged, proved, and punished separate-

**4.** Although cited in his notice of appeal, the defendant raises no issue with his other convic-

ly. *See United States v. Phillips,* 664 F.2d 971 (5th Cir.1981).

### III.

Accordingly, for the reasons stated, the defendant's conviction under 18 U.S.C. § 1962(c), RICO, is REVERSED, but the defendant's convictions on all other counts are AFFIRMED.

tions, and, accordingly, they are affirmed without mention.